JAMES C. STURDEVANT*

**THE STURDEVANT LAW FIRM**
A PROFESSIONAL CORPORATION
THE DIVIDEND BUILDING
354 PINE STREET, FOURTH FLOOR
SAN FRANCISCO, CALIFORNIA 94104

Telephone
(415) 477-2410

Facsimile
(415) 477-2420

jsturdevant@sturdevantlaw.com

August 20, 2013

Hon. Kandis A. Westmore
USDC Northern District
1304 Clay Street
Courtroom 4, Third Floor
Oakland, CA 94612

      Re:    *Dornell v. San Mateo*
                Civil No. 3:12-CV-06065-CRB (N.D. Cal.)

Dear Magistrate Judge Westmore:

      Plaintiff filed a Motion to Quash Subpoenas served on three entities before this matter was assigned to Your Honor. Plaintiff continues to seek to have an order quashing the subpoenas to Plaintiffs subsequent employers, the City of Sunnyvale and the City of Palo Alto, as well as Plaintiffs medical records from Dr. Gerry Ann Lenhart. Plaintiff was employed by both cities after the acts of discrimination and retaliation against her which are at the core of her lawsuit.

**A.**     **Plaintiff's Position**

      On July 11, 2013 Defendant of San Mateo served a subpoena on Plaintiffs psychotherapist, Dr. Gerry Anne Lenhart, seeking without limitation, the production of "All documents relating to... treatment of Debra Dornell," including psychiatric records and medical histories. Plaintiff objects to the production of such documents as a violation of Plaintiffs constitutional privacy rights.

      Plaintiff worked as a fire inspector for the City of San Mateo Fire Department from March 2006 — September 18, 2012. Plaintiff was the only female employee and suffered from a discriminatory, hostile environment based on gender from the time she was hired. As a result of the hostile work environment and Defendant's acts of retaliation against her, Plaintiff was forced to take a leave of absence for severe stress and was out of work and under the care of Dr. Lenhart from May 9, 2012, until she was constructively terminated and forced to resign from the City of San Mateo on September 18, 2012.

      The medical records that Defendant seeks are protected and Defendant can demonstrate no compelling interest in obtaining such records that is sufficient to overcome Plaintiffs privacy rights.

*ADMITTED IN CALIFORNIA AND CONNECTICUT

Hon. Kandis A. Westmore
August 20, 2013
Page 2

Defendant also seeks to subpoena both the payroll and non-payroll records from Plaintiff's two subsequent employers. Again, as with the medical records, Defendant can demonstrate no compelling interest in obtaining (or retaining in the case of the City of Palo Alto) such records that is sufficient to overcome Plaintiff's privacy rights.

With respect to Dr. Lenhart's psychotherapy records, Plaintiff's privacy rights trump any right of the City of San Mateo. The psychotherapist-patient privilege is absolute and is not subject to a balancing test through which the court may way the interests of justice. *See In Re Sealed Case (Med. Recs)* 381 F.3d 1205, 1214 (D.C. Cir. 5004). In this district, the privilege is absolute and therefore Plaintiff's privacy interest are protected, even if she claims emotional distress damages. *Fitzgerald v. Cassil,* 216 FRD 632, 639 (N.D. Cal. 2003). Other cases hold that there is no wavier of the privilege where a plaintiff, like the Plaintiff in this case, alleges only "garden-variety" emotional distress damages, as distinguished from a separate tort of negligent infliction of emotional distress, or any specific psychiatric injury or disorder, or unusually severe distress. *See, e.g., Jackson v. Chubb Corp.,* 193 F.R.D. 216, 226 (D. N.J. 2000); *Jacobs v. Connecticut Community Technical Colleges,* 258 F.R.D. 192, 196 (D. Ct. 2009) ("garden variety" refers to claims for "compensation for nothing more than the distress that any healthy, well-adjusted person would likely feel as a result of being so victimized").

Plaintiff is claiming only "garden variety" emotional distress as a result of the actions and inactions of Defendant and its managing employees. Thus, the psychotherapist records are not admissible and Defendant's subpoena for them should be quashed.

Plaintiff is willing to allow Defendant to obtain *only* her payroll records from the City of Sunnyvale and City of Palo Alto only because they have direct bearing on her damages; however, the other items requested, such as her resume and performance evaluations, are not relevant to the issues in this case. *See e.g., McClennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 360-61 (1995) (under the ADEA and Title VII, even when an employer discovers through after acquired evidence that the employee engaged in acts of wrongdoing while employed, the employee may recover damages if the discharge motive was discriminatory).

An individual's privacy rights may be asserted as a basis for precluding the discovery of certain types of private documents of information. The requirement provides that, generally, a Court is required to weigh the right of privacy against the need for the information. In the instant matter, there is no need for the records sought; therefore the right of privacy tips the scales of justice in its favor. *Marshall v. Rain,* 2008 WL 2186184, at *3 (S.D. Cal. 2008).

The only records relevant in this lawsuit are Plaintiff's payroll records. Defendant has refused to limit the scope of its subpoenas to Plaintiff's subsequent employers although it can come up with *no* authority that it is entitled to them.

Defendant may claim that Plaintiff waived her privilege. However, Plaintiff sought to meet and confer with Defendant on several different occasions concerning the three subpoenas

Hon. Kandis A. Westmore
August 20, 2013
Page 3

and informed the process server that a motion to quash would be filed if the matter could not be resolved. Specifically, on July 23, 2013, Plaintiff's counsel, James Sturdevant, wrote to counsel for Defendant concerning the subpoenas. On July 24, Mr. Sturdevant met and conferred with Ash Mohindru, counsel for Defendant, by phone. Mr. Mohindru requested that he provide him with authority concerning the privileges claimed for the medical records, which he did on July 25. Mr. Sturdevant received no response from Mr. Mohindru.

On July 30, Mr. Sturdevant called Mr. Mohindru and left him a message. Mr. Sturdevant also emailed him, and counsel for City of Sunnyvale, indicating that Plaintiff would file a Motion to Quash. Mr. Mohindru did not respond to him until July 31st. At that time, Mr. Mohindru stated in his letter that Plaintiff had waived her right to assert any privilege by failing to file a Motion to Quash by July 25th. Mr. Sturdevant engaged in meet and confer efforts with Mr. Mohindru in good faith. Mr. Mohindru's requested authorities supporting Plaintiff's claim of privilege. These were sent to him by letter dated July 24th. Mr. Sturdevant received no response, which indicated to him that Defendant was considering Plaintiff's position. Defendant could have expressed that Plaintiff should file a motion during the conversation on July 24 (when Plaintiff still had time to do so) but did not. Instead, Defendant asked Plaintiff to continue to meet and confer via the request for authorities and then waited for the period for privilege to elapse and then argued privilege had been waived.

Under these circumstances, it would disserve the purposes behind the federal discovery rules and the obligation of counsel for both parties to meet and confer in good faith to require that the motion to quash should have been filed by July 25 when plaintiff's counsel did exactly what the Defendant's counsel asked him to do and then the latter ceased to communicate altogether.

For the foregoing reasons, Plaintiff respectfully requests the Court grant Plaintiff's request and quash Defendant's subpoenas to Dr. Gerry Ann Lenhart, the City of Sunnyvale, and the City of Palo Alto.

**B.      Defendants' Position**

Defendant opposes Plaintiff's motion to quash because it is untimely and unfounded. Defendant is entitled to conduct discovery to obtain records of Plaintiff's psychological treatment as she seeks damages for "severe" stress, and to obtain her records from her past employers because she worked part-time for each of them while she worked part-time for Defendant. Plaintiff has placed all of these issues squarely in play, thus waiving her privacy rights, concerns of which are outweighed by Defendant's interests in defending itself from Plaintiff's unsubstantiated claims. If there were contributing causes to her stress, whether they be work-related (from her other jobs) or from other sources she discussed with her psychologist, then Defendant cannot be held solely liable for her damages, if at all. Such information would clearly be discoverable.

Hon. Kandis A. Westmore
August 20, 2013
Page 4

Plaintiff Debra Dornell is a former part-time, per diem employee of Defendant City of San Mateo. Plaintiff was employed as a fire inspector who voluntarily resigned on September 18, 2012, after being on leave for over five (5) months for "severe" stress that was so disabling that she allegedly could not work at all[1]. Prior to becoming employed with the City, Plaintiff had no experience as a fire inspector. The City hired her, agreed to train Plaintiff as a fire inspector, and paid for her to take multiple courses. Plaintiff did not like her housing assignment or her supervisor Deputy Fire Marshall Michael Leong. Some of Plaintiff's male counterparts also did not like Leong's management style. Despite that fact, Plaintiff claims she was treated differently because of her gender, yet Plaintiff received the same treatment as every other employee. Plaintiff's case is the classic case of an employee who simply "quit and sued", without justification.

Because plaintiff was working part-time at the City of Palo Alto in 2011 and 2012, at the same time she was working as a part-time fire inspector for the City of San Mateo, her employment records at the City of Palo Alto are relevant to determine what damage she suffered, if any, and what emotional stress she suffered, if any. In addition, her prior experience at the City of Sunnyvale is also relevant to determine what training and experience she had when she was hired by Defendant as a part-time fire inspector. She also worked there while simultaneously working for the Defendant from 2006-2008. Finally, she claims she suffered "severe" stress because of Defendant's actions, and was treated by Ann Lenhart, Ph.D., which makes those psychotherapy records directly at issue and directly relevant to all of these issues.

Accordingly, on July 11, 2013, Defendant issued a subpoena for medical records and related billing to Anne Lenhart, Ph.D., who treated Plaintiff for emotional distress allegedly caused by her working conditions. In addition, also on July 11, 2013, Defendant issued a subpoena for employment records to City of Sunnyvale and City of Palo Alto where Plaintiff worked during and after her employment with the City of San Mateo (hereinafter "City"). The time for compliance with the subject subpoenas was <u>July 25, 2013.</u> True and correct copies of the subpoenas in question are attached hereto as Exhibit "A".

Twelve days after the subpoenas were served, on July 23, 2013, Plaintiff sent an email to Defendant regarding two of the subpoenas directed to the City of Palo Alto and City of Sunnyvale. The email vaguely stated "if Defendants [sic] are willing to limit the scope of those two subpoenas, Plaintiff will not take [sic] object", but plaintiff did not identify what limitations she sought. Defendant responded the same day, but counsel for Plaintiff was not in the office and his paralegal could not identify any limitations.

On July 24, 2013, the parties met and conferred briefly by telephone. Defendant did not agree to limit the subpoenas in any manner, nor did Plaintiff indicate whether he would be filing a motion to quash. Plaintiff asked to limit the other employer subpoenas to payroll records only. Defendants would not so agree. Plaintiff also asserted that she was only claiming "garden-variety" emotional distress. However, that claim was demonstrably specious as plaintiff seeks

---

[1] But after she was on leave for 2 months, Plaintiff apparently went back to work for the City of Palo Alto but simultaneously continued to claim she was totally disabled from working at the Defendant City of San Mateo.

Hon. Kandis A. Westmore
August 20, 2013
Page 5

damages for, among other things, a five-month leave of absence for "severe stress" that she claims was caused solely by the acts of Defendant. Being totally disabled from work is anything but "garden-variety" stress. Accordingly, Defendant did not agree to limit the subpoenas, or to continue any meet and confer. Plaintiff never requested additional time or indicated he intended to move ahead with the motion to quash.

Thereafter, on July 25, 2013, after the close of business, and after the deadline for compliance, Plaintiff sent a letter at 5:57 p.m. to Defendant memorializing the parties' conversation of July 24, 2013, wherein the parties did not reach an agreement to limit the subpoenas in any manner. At that point, the time for compliance with the subpoenas had come and gone; no motion to quash had been filed.

On July 31, 2013, Defendant wrote a letter to explain why it refused to limit the subpoenas on July 24, 2013, and asked Plaintiff to sign an authorization for release of the psychotherapy records because those had not yet been produced. Defendant also advised Plaintiff that her continued efforts to prevent disclosure of the subpoenaed records were procedurally improper because a timely motion to quash had not been filed and served on Defendant and/or the third parties' subpoenaed prior to the date of compliance, July 25, 2013. Defendant also advised that while Plaintiff claimed her emotional distress claim was "garden-variety", the documents and allegations in the complaint and the governing authority held otherwise. Defendant also set forth, in detail, why the records from City of Sunnyvale and Palo Alto were clearly discoverable. To assuage Plaintiff's privacy concerns, Defendant stated that it would enter into a protective order to prevent disclosure of the records outside the context of the litigation. Defendant attached a medical authorization form to obtain the records to that letter.

Plaintiff responded by belatedly filing a motion to quash on August 01, 2013. Because that motion to quash was not filed and/or served prior to the time for compliance, it had no effect. The City of Palo Alto had already complied with the validly issued subpoena by producing records on July 24, 2013. On August 2, 2013, Plaintiff learned of that production and demanded that those records be returned because she had belatedly filed a motion to quash. Plaintiff's motion could not be applied retroactively to "put the cat back in the bag". Defendant refused to return the Palo Alto records, which had been properly produced by the third party.

Plaintiff did not act before the time for compliance to block the production of records as is required by Rule 45. Stating an objection for a party is insufficient to block production. Indeed, under Rule 45, the nonparty served with the subpoena duces tecum may make objections to the subpoena duces tecum within 14 days after service or before the time for compliance, if less than 14 days. Rule 45(c)(2)(B). **"Only the [nonparty] can prevent disclosure by objection. The party to whom the subpoenaed records pertain *cannot* simply object. Rather, a protective order or motion to quash the subpoena is required."** *Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial,* ¶ *11:422* (2002 rev.) (emphasis in original); *see also Pennwalt Corp. v. Durand—Wayland, Inc.,* 708 F.2d 492, 494 (9th Cir.1983) Accordingly, plaintiff has waived her right to all objections and to limit disclosure of the subpoenaed records.

*ADMITTED IN CALIFORNIA AND CONNECTICUT

Hon. Kandis A. Westmore
August 20, 2013
Page 6

Plaintiff did not even attempt to meet and confer with Defendant before July 24, 2013. Rule 45 requires that objecting party to file a motion to quash before the time for compliance, which was July 25, 2013. Plaintiff's motion to quash was not filed until August 1, 2013, 7 days after the time for compliance. The motion was untimely and thus without effect. Plaintiff's motion should be denied in its entirety.

Even if Plaintiff's motion had been timely filed (and it clearly was not), Defendant is entitled to obtain the records from plaintiff's psychologist, Dr. Lenhart. Contrary to Plaintiff's position, the psychotherapist-patient privilege is not absolute. Indeed, courts have recognized that the privilege is waived when Plaintiff places her psychological condition at issue.

In *Ortiz v. Potter* 2010 WL 796690 (E.D.Cal. March 5, 2010), the court applied the test from *Turner v. Imperial Stores* 161 F.R.D. 89 (S.D. Cal. 1995) to determine whether plaintiff placed his psychological condition at issue. The *Turner* test requires the party seeking to compel discovery to demonstrate the claimed emotional distress and the presence of one or more of the following with respect to the proposed examinee: (1) a claim for intentional or negligent infliction of emotional distress, (2) an allegation of a specific mental or psychiatric injury or disorder caused by the alleged conduct, (3) a claim of "unusually severe" emotional distress, (4) an intent to offer expert testimony regarding the claimed emotional distress, or (5) a concession that the mental condition is "in controversy" within the meaning of Federal Rule 35. In *Ortiz,* the court found that plaintiff's claims for emotional distress were beyond "garden-variety" where plaintiff sought treatment and took medication for a host of symptoms; was claiming damages for medical treatment and intended to call an expert to testify regarding plaintiff's emotional distress.

In this matter, Plaintiff has placed her psychological condition at issue and her claim for emotional distress exceeds the bounds of a "garden-variety" emotional distress claim. Plaintiff glosses over the fact that she voluntarily chose to leave her employment because she was experiencing severe distress as a result of the alleged working conditions. Plaintiff was on medical leave for almost 6 months due to depression/anxiety allegedly caused by her working conditions. In paragraph 26 of the Complaint, she specifically describes severe symptoms including: anxiety, high blood pressure, sleeplessness, weight gain, inability to focus, and a loss of interest in daily life activities and hobbies"

She was under the care of Dr. Anne Lenhart, who diagnosed her with depression and advised her to take anti-depressant medication for the same. Plaintiff chose not to take the medication despite her diagnosis. Plaintiff admits in her Rule 26 disclosure that her emotional distress and anxiety are "severe" and they "continue to plague her". She seeks $67,600.00 in damages for her "severe" emotional distress. Plaintiff also indicates that Dr. Lenhart may testify regarding Plaintiff's emotional distress. She is also claiming the costs of the treatment.

The factors under *Turner* are clearly met in this matter and Plaintiff has placed her psychological condition at issue. Plaintiff's alleged emotional distress is unusually severe, for

*ADMITTED IN CALIFORNIA AND CONNECTICUT

Hon. Kandis A. Westmore
August 20, 2013
Page 7

which she is seeking significant monetary damages; moreover, she intends to offer testimony regarding her distress and is specifically claiming she suffered particular symptoms as a result of her working conditions. Thus, the records from Dr. Ann Lenhart are clearly discoverable, as Plaintiff has placed her psychological condition squarely at issue.

Plaintiff refuses to produce any documents other than payroll records from the City of Sunnyvale and City of Palo Alto. Plaintiff claims that discovery is not allowed because the personnel files would not be admissible. Admissibility at trial is not a valid objection and misstates the broad standard of general discovery. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26 (b)(2)(c).

This District Court has found personnel files from former employers to be relevant and discoverable. *Frazier v. Bed Bath & Beyond, Inc.* 2011 WL5854601 (N.D. CAL Nov. 11, 2011) is instructive and factually analogous. In that case, Plaintiff alleged claims of discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 1981. Defendant sought production of employment records from plaintiff's former employer by subpoena, to which plaintiff objected. Defendant moved to compel. This Court held the personnel file was discoverable and relevant as to Plaintiff's habits, or pattern and practice, of making similar discrimination claims against previous employers citing to Rule of Evidence 406 and/or motive, opportunity, intent or preparation under Rule 404(b). The court further found that any concerns regarding privacy would be addressed by a tightly drawn protective order. Defendant's motion was granted.

Here, similarly, the records from Plaintiff's previous employers are likewise discoverable. Plaintiff is making a wage loss claim for $67,600.00. Plaintiff testified that she worked for the City of Sunnyvale as an inspector one day a week while she was working for the City of San Mateo. Plaintiff testified at deposition that she left her employ with Sunnyvale because she was forced compromise her values when asked to issue a citation for a violation she had never seen. She worked for the City of Palo Alto from July of 2011 to April of 2013. Notably, she continued to work for the City of Palo Alto during the period in which she was on medical leave from her employment with Defendant City of San Mateo.

The records from Plaintiff's former employers are relevant and discoverable. The records will show whether Plaintiff had a habit of complaining about unequal treatment at the workplace. They will show what experience she had at the time of hire for Defendant. The records may also show the amount of work/hours she completed for Palo Alto while claiming she was unable to work for San Mateo. The records will also show whether Plaintiff attempted to mitigate her damages, which is directly relevant to her claim for lost income. The records are relevant to the severity of Plaintiff's emotional distress (i.e. dispute Plaintiff's contention that she was unable to work for 5 months because of emotional distress). Defendant has offered to enter into a protective order, as in *Frazier,* to assuage any privacy concerns Plaintiff may have.

\*ADMITTED IN CALIFORNIA AND CONNECTICUT

Finally, notwithstanding the fact that Plaintiff waived her privacy rights by failing to timely file this motion, any such rights that she may have in her prior employment records must be balanced against the City of San Mateo's right to discovery. Plaintiff's privacy rights are not absolute. Defendant has a legitimate need to review these records as plaintiff is making unsubstantiated charges that Defendant discriminated against her, causing her damage. During the time she was allegedly discriminated against, Plaintiff continually sought out employment with Defendant (repeatedly) and continued to work for the City of Palo Alto and Sunnyvale. Resolution of a privacy objection requires courts to balance the need for the information sought against the privacy right asserted. *Rubin v. Regents of Univ. of Calif.*, 114 F.R.D. 1, 4 (N.D.Cal.1986) (court ordered the disclosure of peer review files after balancing Title VII claimant's need to prove discrimination against the university's claim of academic privilege). Here, resolution clearly favors the Defendant.

In conclusion, Plaintiff did not a file a timely motion to quash nor has she provided this Court with any relevant authority as to why these records are not relevant or discoverable. Based on the foregoing, Defendant respectfully asks that Plaintiff's motion be denied and that the third parties be ordered to produce records forthwith in timely fashion.

| /s/ | /s/ |
|---|---|
| James C. Sturdevant | Ash R. Mohindru |
| Attorney for Plaintiff | Attorney for Defendant |
| Debra Dornell | City of San Mateo |

# EXHIBIT A

DORNELL SJS310968

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of CALIFORNIA

| | | |
|---|---|---|
| DORNELL <br> *Plaintiff* <br> v. <br> CITY OF SAN MATEO <br> *Defendant* | ) ) ) ) ) ) ) | Civil Action No. C126065CRB <br><br> (If the action is pending in another district, state where: |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records For: **DR. GERRY ANNE LENHART, PH.D.**
**39 N. SAN MATEO DR STE 7**
**SAN MATEO, CA 94401**

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See Attachment for Details**

**RE: DEBORAH DORNELL DOB:07/03/55**

| Place: Quest Discovery Services (800) 800-6800 <br> 981 Ridder Park Drive <br> San Jose, CA 95131 <br> *Appearance Not Required, Send All Materials to This Address.* | Date and Time: 07/22/13 <br> 9:30 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **07/03/13**

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Defendant**
**CITY OF SAN MATEO**_____, who issues or requests this subpoena, are:
ASH MOHINDRU, ESQ.
STUBBS & LEONE, ATTORNEYS AT LAW
2175 N. CALIFORNIA BOULEVARD, SUITE 900
WALNUT CREEK, CA 94596-5313 925/974-8600

Case3:12-cv-06065-CRB Document30 Filed08/20/13 Page11 of 19

SJS310968

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attoney's fees - on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel move than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must orgainize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment

File #: **SJS310968**

**DR. GERRY ANNE LENHART, PH.D.**

Pertaining To: **DEBORAH DORNELL**

Date of Birth: **07/03/55**

All documents relating to your treatment of Deborah Dornell (07/03/1955), including, but not limited to, her medical histories; psychiatric records; examinations; findings; diagnosis; prognosis; audio or visual records of any therapy sessions; notes from any therapy sessions; prescriptions written and any referrals to other physicians for other treatment.

Include all billing records relating to your treatment of Deborah Dornell (07/03/1955), including, but not limited to any invoices or bills, records of payments made and insurance information/payment.

\* INCLUDE BILLING RECORDS \*

SJ S3 10 968 - SJS310970

(PROOF OF SERVICE BY MAIL - Federal Rule 5(a))

I am employed in the county of SANTA CLARA, my business address is 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, I am over the age of eighteen (18), and am not a party to the within action(s). I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence described below will be deposited with the United States Postal Service today in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit. I served the within copy: Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises on the below listed entities in said actions by placing said documents in a sealed envelope with postage fully prepaid and addressed as follows:

MICHAEL S. SORGEN
ATTORNEYS AT LAW
1168 MILLER AVENUE
BERKELEY, CA 94708
ATTN: MICHAEL S. SORGEN, ESQ.
Represents: PLAINTIFF
Name: DEBORAH DORNELL

THE STURDEVANT LAW FIRM
ATTORNEYS AT LAW
354 PINE ST., 4TH FLOOR
SAN FRANCISCO, CA 94104
ATTN: JAMES STURDEVANT, ESQ.
Represents: PLAINTIFF
Name: DEBORAH DORNELL

and that they were deposited on 07/03/13 for deposit in the United States Postal Service and that the envelope was sealed and placed for collection and mailing that date at Quest Discovery Services, 981 RIDDER PARK DRIVE, SAN JOSE, CA 95131, following ordinary business practices.

DATED: 07/03/13 at SAN JOSE, CALIFORNIA

I Declare under penalty of perjury that the foregoing is true and correct.

**This form was printed for all subpoenas in this series**

*[signature]*
signature

/ MAILSERV

DORNELL                                                                                    SJS310969

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of CALIFORNIA

| | | |
|---|---|---|
| DORNELL<br>*Plaintiff*<br>v.<br>CITY OF SAN MATEO<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. C126065CRB<br><br>(If the action is pending in another district, state where: |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records For: **CITY OF SUNNYVALE/HUMAN RESOURCES DEPT.**
**505 W. OLIVE AVE STE 200 SUNNYVALE, CA 94086**

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See Attachment for Details**
**RE: DEBORAH DORNELL DOB:07/03/55**

| Place: Quest Discovery Services (800) 800-6800<br>981 Ridder Park Drive<br>San Jose, CA 95131<br>*Appearance Not Required, Send All Materials to This Address.* | Date and Time: 07/22/13<br>9:30 A.M. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **07/03/13**

*CLERK OF COURT*

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Defendant**
**CITY OF SAN MATEO** _____ , who issues or requests this subpoena, are:
ASH MOHINDRU, ESQ.
STUBBS & LEONE, ATTORNEYS AT LAW
2175 N. CALIFORNIA BOULEVARD, SUITE 900
WALNUT CREEK, CA 94596-5313 925/974-8600

Case3:12-cv-06065-CRB Document30 Filed08/20/13 Page15 of 19

SJS310969

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attoney's fees - on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel move than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must orgainize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment

File #: **SJS310969**

**CITY OF SUNNYVALE/HUMAN RESOURCES**

Pertaining To: **DEBORAH DORNELL**

Date of Birth: **07/03/55**

ALL RECORDS, INCLUDING ALL ELECTRONICALLY STORED INFORMATION, RELATING TO EMPLOYMENT, INCLUDING BUT NOT LIMITED TO:
A. PERSONNEL RECORDS INCLUDING EMPLOYMENT APPLICATION/RESUME, PERFORMANCE EVALUATIONS, RECORDS OF DISCIPLINARY ACTION, DISABLITY CLAIMS, WORKERS COMPENSATION CLAIMS, AND MEDICAL RECORDS PERTAINING TO THE INDIVIDUAL'S EMPLOYMENT.
B. PAYROLL RECORDS INCLUDING SALARY, WAGES, COMMISSIONS OR OTHER REMUNERATION PAID OR HELD BY THE EMPLOYER, W-2 FORMS, TIME SHEETS AND RECORDS OF TIME OFF THE JOB AND REASONS THEREFORE, INCLUDING SICK LEAVE AND VACATION.

Include the personnel file of Deborah Dornell (DOB:07/03/55).

DORNELL                                                          SJS310970

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
NORTHERN District of CALIFORNIA

|  |  |
|---|---|
| DORNELL <br> *Plaintiff* <br> v. <br> CITY OF SAN MATEO <br> *Defendant* | Civil Action No. C126065CRB <br> (If the action is pending in another district, state where: |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Custodian of Records For: **CITY OF PALO ALTO/HUMAN RESOURCES DEPARTMENT**
**250 HAMILTON AVE., 1ST FLOOR PALO ALTO, CA 94301**

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **See Attachment for Details**

**RE: DEBORAH DORNELL DOB:07/03/55**

| Place: Quest Discovery Services  (800) 800-6800 <br> 981 Ridder Park Drive <br> San Jose, CA  95131 <br> *Appearance Not Required, Send All Materials to This Address.* | Date and Time: **07/22/13** <br> **9:30 A.M.** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: **07/03/13**

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* **Defendant**
**CITY OF SAN MATEO** _____ , who issues or requests this subpoena, are:
**ASH MOHINDRU, ESQ.**
**STUBBS & LEONE, ATTORNEYS AT LAW**
**2175 N. CALIFORNIA BOULEVARD, SUITE 900**
**WALNUT CREEK, CA 94596-5313  925/974-8600**

SJS310970

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attoney's fees - on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel move than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45 (c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must orgainize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Attachment

File #: **SJS310970**

**CITY OF PALO ALTO/HUMAN RESOURCES**

Pertaining To: **DEBORAH DORNELL**

Date of Birth: **07/03/55**

**ALL RECORDS, INCLUDING ALL ELECTRONICALLY STORED INFORMATION, RELATING TO EMPLOYMENT, INCLUDING BUT NOT LIMITED TO:**
**A. PERSONNEL RECORDS INCLUDING EMPLOYMENT APPLICATION/RESUME, PERFORMANCE EVALUATIONS, RECORDS OF DISCIPLINARY ACTION, DISABLITY CLAIMS, WORKERS COMPENSATION CLAIMS, AND MEDICAL RECORDS PERTAINING TO THE INDIVIDUAL'S EMPLOYMENT.**
**B. PAYROLL RECORDS INCLUDING SALARY, WAGES, COMMISSIONS OR OTHER REMUNERATION PAID OR HELD BY THE EMPLOYER, W-2 FORMS, TIME SHEETS AND RECORDS OF TIME OFF THE JOB AND REASONS THEREFORE, INCLUDING SICK LEAVE AND VACATION.**

**Include the personnel file of Deborah Dornell (DOB:07/03/55).**