United States District Court
Northern District of California

| | |
|---|---|
| DEBRA DORNELL,<br><br>              Plaintiff,<br><br>    v.<br><br>CITY OF SAN MATEO,<br><br>              Defendant. | Case No.: CV 12-06065-CRB (KAW)<br><br>ORDER REGARDING 8/20/13 JOINT DISCOVERY LETTER<br><br>(Dkt. No. 30) |

Before the Court is the joint discovery letter filed on August 20, 2013. ("Joint Letter," Dkt. No. 30). At issue is whether Plaintiff filed a timely motion to quash subpoenas of medical records, whether Plaintiff has put her medical and mental state at issue to waive any right to privacy associated with her medical and psychological records, and whether Plaintiff's previous employment records are relevant to the issues in this case.

Upon review of the joint letter, the Court finds this matter suitable for resolution without further briefing and without oral argument pursuant to Civil Local Rule 7-1(b), and denies Plaintiff's motions to quash for the reasons set forth below.

## I. BACKGROUND

In March 2006, Plaintiff Debra Dornell was hired as a part-time fire inspector by Defendant San Mateo Fire Department ("SMFD"). (Compl., Dkt. No. 1, ¶ 5.) Plaintiff was the only female to hold this position. *Id.* At the time of her hiring, Plaintiff was told that she would conduct housing inspections for one year and would then be eligible for additional trainings. (Compl. ¶ 7.) For the first four years, however, Plaintiff was not provided training, nor given more advanced assignments like those given to the male fire inspectors. (Compl. ¶ 8.)

Beginning in 2009, Plaintiff alleges that she was repeatedly subjected to ridicule and other adverse treatment by supervisors on account of her gender. (Compl. ¶ 10.)

Plaintiff alleges that she repeatedly informed Fire Chief Daniel Belville about her frustrations of being limited to residential inspections whereas the male inspectors were not. (Compl. ¶ 11.) Subsequently, Plaintiff began conducting Commercial Inspection Program (CIP) inspections, but she was given a quota, which was an additional requirement not imposed on male inspectors. (Compl. ¶ 12.) Plaintiff alleges that throughout her employment at SMFD, her supervisors were abusive and subjected her to false accusations. (Compl. ¶ 17.)

On March 16, 2010, Plaintiff sought medical attention for severe stress resulting from the hostile work environment. (Compl. ¶ 18.) Plaintiff remained on leave until March 25, 2010. *Id.* Upon her return, Plaintiff continued to be treated differently from her male counterparts with regard to almost every aspect of her job. (Compl. ¶ 19.)

In August 2010, Plaintiff sought the assistance of Chief Belville, who called a meeting with both supervisors and the Human Relations Department. (Compl. ¶ 20.) Plaintiff continued to experience discrimination and unfair treatment.

On October 23, 2010, a follow-up meeting between the parties was convened. (Compl. ¶ 21.) After this meeting, Plaintiff's supervisors began to ignore her emails, canceled or did not show up for trainings, and essentially avoided all contact with her, making it exceedingly difficult for her to do her job. (Compl. ¶ 22.) On May 9, 2012, Plaintiff took a leave of absence from work. (Compl. ¶ 26.) On June 14, 2012, Plaintiff filed a complaint with the Equal Employment Opportunity Commission for sex discrimination and retaliation. *Id.* Plaintiff resigned on September 18, 2012. (Compl. ¶ 27.) On November 29, 2012, Plaintiff filed the instant action claiming that she was constructively terminated as a result of gender discrimination and retaliation.

On July 11, 2013, Defendant subpoenaed Plaintiff's medical and psychological records from Dr. Gerry Ann Lenhart, Plaintiff's treating psychiatrist. (Joint Letter at 1.) On the same date, Defendant also subpoenaed Plaintiff's payroll and non-payroll records from the City of Sunnyvale and the City of Palo Alto. (Joint Letter at 2.) On July 22, 2013, Plaintiff informed the process server that a motion to quash would be filed if the matter could not be resolved. (Joint Letter at 5; Mot. to Quash, Dkt. No. 28, Ex. B.)

1    On or about July 23, Plaintiff sent a letter to Defendant, in an attempt to meet and confer
2  regarding the scope of the subpoenas.  (Joint Letter at 3.)
3    On or about July 24, Plaintiff contacted Defendant to meet and confer regarding the scope
4  of the subpoenas.  *Id.*  Plaintiff agreed to the production of payroll records from her subsequent
5  employers, and that Plaintiff would provide authority on which she based her argument that the
6  psychological records were protected.  *Id.*
7    On July 24, 2013, the City of Palo Alto complied with the subpoena by producing
8  Plaintiff's payroll and non-payroll records.  *Id.*
9    On or about July 25, 2013, Plaintiff sent a letter to Defendant confirming the telephonic
10  meet and confer the previous day and to provide legal authority to support Plaintiff's position.
11  (Joint Letter at 3.)  Defendant did not respond until July 31, 2013, at which time Defendant stated
12  that Plaintiff had waived her right to assert any privilege by failing to file a motion to quash by
13  July 25, 2013. *Id.*
14    Plaintiff filed the Motion to Quash on August 1, 2013.  (Joint Letter at 5.)  On August 20,
15  2013, the parties filed the joint letter regarding the production of Plaintiff's medical and
16  employment records.  (Dkt. No. 30)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(a)(1)(c), a nonparty to a civil suit, such as a mental health practitioner or primary care physician, can be subpoenaed for documents relevant to the suit.  Under Federal Rule of Civil Procedure 26(b)(1), documents are discoverable if they are not privileged and "relevant to any party's claim or defense" or "reasonably calculated to lead to the discovery of admissible evidence."

A court may quash an otherwise relevant subpoena if the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii).  Failure of the Plaintiff to file a motion to quash or seek a protective order constitutes a waiver.  In addition, nonparty witnesses may prevent disclosure by serving the subpoenaing attorney with a written objection within 14 days after the subpoena is served. Fed. R.

1  Civ. P. 45(c)(2)(B).  As the party resisting discovery, the burden is on Plaintiff to demonstrate
2  why discovery should not be permitted. Fed. R. Civ. P. 26(b).

3        Federal Rule of Evidence 501 states that "in a civil case, state law governs privilege
4  regarding a claim or defense for which state law supplies the rule of decision."  In California,
5  when a plaintiff seeks recovery for mental injuries, that plaintiff "unquestionably waive[s] their
6  physician-patient and psychotherapist-patient privileges as to all information concerning the
7  medical conditions which they have put in issue." *Britt v. Superior Court,* 20 Cal.3d 844, 849,
8  143 Cal.Rptr. 695, 574 P.2d 766 (1978). This waiver of privacy rights to mental health records
9  requires "asserting more than a garden-variety claim of emotional distress." *Turner v. Imperial*
10 *Stores,* 161 F.R.D. 89, 97 (S.D. Cal. 1995); *Fitzgerald v. Cassil,* 216 F.R.D. 632, 633, 639 (N.D.
11 Cal. 2003) (no waiver of privacy when plaintiff did not allege "cause of action for intentional or
12 negligent infliction of emotional distress" or "specific psychiatric injury or disorder or unusually
13 severe emotional distress extraordinary in light of the allegations").

14       A plaintiff who claims to be continuing "to experience extreme emotional distress," which
15 "raise[d] the possibility that her reaction exceeds the suffering and loss an ordinary person would
16 likely experience in similar circumstances" constitutes more than a garden-variety emotional
17 distress claim. *Verma v. American Express,* 2009 WL 1468720 at *2 (N.D. Cal. 2009).

### III. DISCUSSION

**A. Timely Filing of Motion to Quash**

On July 11, 2013, Defendant subpoenaed Plaintiff's medical and psychological records from Dr. Gerry Ann Lenhart and Plaintiff's payroll and non-payroll records from the City of Sunnyvale and the City of Palo Alto to be produced by July 22, 2013.  (Joint Letter at 2; Ex. A.) On July 24, 2013, Plaintiff attempted to meet and confer with Defendant to modify the subpoenas. (Joint Letter at 6.)  The parties did not agree on the privileges claimed for the medical records and Defendant requested points of authority concerning the psychotherapist privilege. (Joint Letter at 3.)  Subsequently, Plaintiff filed her Motion to Quash on August 1, 2013.  (Joint Letter at 6.)

Defendant contends that Plaintiff has waived her right to any claims of privilege for failing to file the Motion to Quash by July 25, 2013.  Rule 45(c)(3) provides that a party must file

4

a "timely" motion to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies". Fed. R. Civ. P. 45(c)(3)(A)(iii). While there may be a split on the definition of "timely," Plaintiff did not act before the time for compliance to prevent the production of records. In fact, the City of Palo Alto complied with the subpoena and produced Plaintiff's personnel file on July 24, 2013.

While Plaintiff served what appears to be a written objection on the process server, this action has no legal effect, as only the nonparty served with the subpoena duces tecum may serve the propounding party's attorney with a written objection within 14 days after service or before the time of compliance, if less than 14 days. Fed. R. Civ. P. 45(c)(2)(B). "Only the nonparty can prevent disclosure by objection. The party to whom the subpoenaed records pertain cannot simply object. Rather, a protective order or motion to quash the subpoena is required." *Schwarzer, Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial,* ¶ 11:422(2002 rev.).

Generally, and in an effort to avoid unnecessary motion practice, courts have not found waiver when counsel engaged in meet and confer efforts concerning the scope of the subpoena when the legal basis is challenged. *See generally Leader Technologies, Inc., v. Facebook Inc.*, *No.,* 2010 WL 761296, at *2 (N.D. Cal. Mar. 2, 2010) (quoting *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

While there is some dispute as to whether the meet and confer efforts were sufficient to prevent waiver on the basis of untimeliness, the Court need not decide this issue, as Defendant is entitled to both Plaintiff's psychological records and personnel files for the reasons set forth below.

**B. Plaintiff Has Put Her Mental Health at Issue**

Even if Plaintiff had not waived her privacy rights by failing to file a timely motion to quash, she has put her mental condition at issue in this litigation. As an initial matter, Plaintiff has mischaracterized the psychotherapist-patient privilege as absolute. (Joint Letter at 2.) In fact, a plaintiff waives her privacy rights if the alleged emotional distress claims are more than "garden variety." *Fitzgerald v. Cassil,* 216 F.R.D. 632, 633, 639 (N.D. Cal. 2003).

5

Specifically, Plaintiff's complaint alleges that Defendant caused her to suffer "severe emotional distress" which resulted in her constructive termination. (Compl. ¶¶ 26, 27.) Further, Plaintiff claims continuing emotional distress which has caused her to have anxiety, high blood pressure, chest pain, sleeplessness, weight gain, inability to focus and loss of interest in daily life activities and hobbies. (Compl. ¶¶ 26, 30.) Despite these allegations, Plaintiff contends that these symptoms constitute only "garden-variety" emotional distress and disputes that her mental condition is at issue, thereby rendering her psychotherapist records privileged.

Defendant asserts that Plaintiff's mental condition is more than "garden-variety" and relevant to determining liability, as she alleges that Defendant caused her "severe emotional distress" and that her emotional distress and anxiety are "severe" and "continue to plague her." (Joint Letter at 6). This district has applied the analysis from *Turner v. Imperial Stores,* 161 F.R.D. 89 (S.D. Cal. 1995), to determine whether a plaintiff has placed his or her psychological condition at issue. *See, e.g., Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 580 (N.D. Cal. 1998); *see also Kob v. County of Marin,* 2009 WL 3706820 at *2-3 (N.D. Cal. Nov. 3, 2009). The *Turner* test requires the party seeking to compel discovery to demonstrate the claimed emotional distress and the presence of one or more of the following with respect to the proposed examinee:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)

Here, while Plaintiff has not brought a separate cause of action for emotional distress, Plaintiff does allege a specific mental or psychiatric injury or disorder (anxiety), claims unusually severe emotional distress that continues to negatively affect her, and has indicated that she may have her treating psychiatrist, Dr. Lenhart, testify to corroborate her claims of emotional distress. (Joint Letter at 6.) Moreover, Plaintiff claims that she sought out treatment for her mental health issues because of the hostile work environment she was experiencing. (Compl. ¶ 18.) *See Kob v. County of Marin* 2009 WL 3706820 (N.D. Cal. Nov. 3, 2009)(citing *Anson v. Fickel,* 110 F.R.D.

184, 186 (N.D.Ind.1986)(emotional distress could not be categorized as routine because the plaintiff sought psychiatric treatment). Despite Plaintiff's claims to the contrary, she put her mental state in controversy by alleging continuing harm despite the absence of an individual emotional distress cause of action.

For these reasons, Plaintiff's claim of emotional distress has exceeded the bounds of "garden-variety," and so the Court DENIES the Plaintiff's motion to quash the subpoena for her psychological records.

### C. Production of Records from Plaintiff's Former Employers

Defendant subpoenaed Plaintiff's complete personnel records from the cities of Sunnyvale and Palo Alto. Plaintiff is willing to allow Defendant to obtain only her payroll records from the Sunnyvale and Palo Alto, but claims that other documents in her personnel files are not relevant to the issues in this case and are inadmissible. (Joint Letter at 2, 7). Under Rule 26(b)(1) parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

Defendant contends that Plaintiff's personnel records are relevant and discoverable. The records will show the amount of time she continued to work for Palo Alto, while claiming she was unable to work for San Mateo due to her severe emotional distress. (Joint Letter at 7.) Defendant also believes that the records may show whether Plaintiff had a habit of complaining about unequal treatment at the workplace, and whether Plaintiff attempted to mitigate her damages. *Id.*

Plaintiff cites *McKennon v. Nashville Banner Publishing Co.,* 513 U.S. 352, 360-61 (1995) to support her motion to quash the subpoenas for personnel records. *McKennon*, however, involved an employer discovering wrongdoing by the former employee after termination, and whether the employee may recover damages if the discharge motive was discrimination. 513 U.S. 352, 360-61. *McKennon* did not involve a third party subpoena of employment records nor concern issues of discoverability, and so is inapposite.

///

This district has found personnel files from former employers to be relevant and discoverable. (Joint Letter at 7.) In *Frazier v. Bed Bath & Beyond, Inc.*, Plaintiff alleged claims of discrimination, harassment and retaliation under Title VII of the Civil Rights Act of 1964. 2011 WL 5854601, at *1 (N.D. Cal. Nov. 21, 2011). The Court found that a request to a recent employer for personnel records was relevant and discoverable, because it was reasonably calculated that the records might contain evidence of habit, or proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Frazier*, 2011 WL 5854601, at *1. The Court also found that any privacy interests may be protected through a protective order. *Id*. at *2.

The Court acknowledges that the City of Palo Alto has already produced Plaintiff's personnel file in response to Defendant's subpoena. The Court finds that Plaintiff's records are not privileged, and so is not going to "unring the bell" and require Defendant to return the records, particularly given that Plaintiff allegedly continued to work for Palo Alto during the period in which she was on medical leave from Defendant City of San Mateo. (Joint Letter at 7.) As to her records from the City of Sunnyvale, Plaintiff worked there one day per week while she was working for the City of San Mateo. *Id.* As a result, Plaintiff's personnel records are, at the very minimum, relevant to the severity of Plaintiff's emotional distress and are directly relevant to her claims of lost income.

In recognition of Plaintiff's privacy concerns, Defendant has offered to enter into a protective order. (Joint Letter at 7.) To assist the parties in their efforts, they are directed to the Northern District's model "Stipulated Protective Order for Standard Litigation," available online at *http://www.cand.uscourts.gov/stipprotectorder*.

In light of the above, Plaintiff's Motion to Quash the subpoenas of her former employers is DENIED.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff shall produce all psychological records and employment records in her possession or control from March 2006 to present. This shall include all psychological records in the possession of Dr. Lenhart, and the employment records in

8

possession of the City of Sunnyvale, all of which Plaintiff shall direct to be released, in full and without redaction, within 14 days of this order.

The parties shall meet and confer regarding entering into a protective order, such that Plaintiff's psychological records and personnel files shall be produced for the limited purposes of this litigation.

IT IS SO ORDERED.

DATE: September 30, 2013

KANDIS A. WESTMORE
United States Magistrate Judge