United States District Court
Northern District of California

DEBRA DORNELL,

        Plaintiff,

   v.

CITY OF SAN MATEO,

        Defendant.

Case No.: CV 12-06065-CRB (KAW)

ORDER REGARDING 10/11/2013 & 10/14/2013 LETTERS

(Dkt. Nos. 46 & 47)

On September 30, 2013, the Court issued an order on the August 20, 2013 Joint Discovery Letter Brief, which concerned Plaintiff Debra Dornell's motion to quash. (Dkt. No. 42.) The Order also instructed the parties to meet and confer regarding entering into a protective order, so that Plaintiff's psychological records and personnel files would be produced for the limited purposes of this litigation. The Court ordered that all documents be released, in full and without redaction, within 14 days.

On October 11, 2013, Plaintiff submitted a letter seeking to quash or limit the scope of subpoenas issued to other medical providers. (Dkt. No. 46.) This letter was, according to Plaintiff, not filed jointly "[d]ue to the time sensitive nature of the issues and potential violations of Plaintiff's right to privacy[.]" On October 14, 2013, Defendant City of San Mateo responded by letter, and asked the Court to impose sanctions on Plaintiff for failing to follow the Court's Standing Order by filing the letter without Defendant's input and for failing to meet and confer. (Dkt. No. 47.)

First, as Defendant stated, the Court's Standing Order requires that all discovery letters be written jointly. The Court does not believe that Plaintiff's concerns were so time sensitive that it was necessary to violate the Standing Order. That said, the Court declines to impose sanctions at this time.

Second, Defendant's letter states that the parties entered into a protective order on October 9, 2013. No such protective order, which requires court approval, was filed on the docket, and so is not currently in effect.

Third, discovery letters must be properly filed as "Discovery Letter Briefs," as instructed by the district court in its order of reference. (*See* Dkt. No. 29.) Proper e-filing ensures that the Court knows that resolution is requested. Additionally, chambers copies of all documents—including joint discovery letters—must be provided to the Court.

Since the parties did not comply with the Court's Standing Order by meeting and conferring and filing a joint discovery letter, the Court will not address the contents of the respective letters. The parties are ordered to file the October 9 stipulated protective order, along with a proposed order granting the stipulated protective order, for court approval.

As to the subpoenas at issue, the parties are ordered to further meet and confer in an attempt to resolve any outstanding discovery disputes without court intervention, and should take into account the Court's previous order. Further submissions that are not in compliance with the Court's Standing Order will not be considered and may result in the imposition of sanctions.

IT IS SO ORDERED.

Date:   October 17, 2013

KANDIS A. WESTMORE
United States Magistrate Judge